IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Kevin A. Tolliver,                                        :

                Plaintiff    :    Case No.2:06-cv-908

v.

                                   :    Judge Watson

Liberty Mutual Fire Insurance
Company,                                                 :    Magistrate Judge Abel

                Defendant    :

# ORDER

Plaintiff Kevin A. Tolliver, an inmate at Ross Correctional Institution (RCI), brought this action alleging that defendant Liberty Mutual Fire Insurance Company denied his insurance claim claiming wrongfully and in bad faith. This matter is before the Court on Tolliver's objections to Magistrate Judge Abel's November 21, 2006 Report and Recommendation on initial screening that the complaint be dismissed as barred by *res judicata.*

The complaint makes the following allegations.  Plaintiff Tolliver had a home owners insurance policy which included a personal property policy on his house located at 1241 Hamlet Street in Columbus, Ohio.  Several items of personal property were stolen from his fiance's Columbus, Ohio apartment, 100 North Street, Apartment 12.  Defendant Liberty Mutual wrongfully refused to pay the claim he made on the personal property policy.  The complaint references a letter from Liberty Mutual which states that it is refusing to pay Tolliver's claim because he fraudulently stated on his application for the policy that he resided at 1241 Hamlet Street, when he actually resided at 100 North Street.  The complaint denies that Tolliver fraudulently filled out his application.

Plaintiff had previously brought a case on these same facts in state court. (Exhibit S,

Affidavit of Kevin Tolliver ¶26)(stating "on February 14, 2003, your Plaintiff filed suit for Breach of Contract and Breach of Implied Covenant of Good Faith and Fair dealing [sic].")  The trial court dismissed his case for failure to prosecute on March 5, 2004.  (Tolliver Affidavit ¶55). Plaintiff filed multiple appeals to the Tenth District Court of Appeals, all of which were overruled.  (Tolliver Affidavit ¶¶79-84).  Plaintiff sought review of these decisions before the Ohio Supreme Court, but on October 4, 2006 it refused to hear the case (2006-Ohio-2443).  The Magistrate Judge concluded that Tolliver is barred from bringing a subsequent action based on the same claim.  *Allen v. McCurry*, 449 U.S. 90, 94 (1980).

In his objections, Tolliver re-characterizes the claims pleaded in the complaint.  He maintains that the complaint alleges that Liberty Mutual committed fraud during the previous litigation regarding the insurance policy.  He now seeks a declaratory judgment that Liberty Mutual committed fraud in the earlier state court litigation, prejudicing his ability to prosecute that case.  Consequently, plaintiff argues, the earlier case is not *res judicata*.

When considering whether a complaint fails to state a claim under Rule 12(b)(6), Federal Rules of Civil Procedure, a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true.  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983).  Rule 8(a), Federal Rules of Civil Procedure provides for notice pleading. *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  A civil "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. at 45-46; *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990).  Moreover, *pro se* prisoner complaints

must be liberally construed. *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980).

Despite plaintiff's argument, the earlier decision is *res judicata*. Plaintiff cannot attempt an end run around the earlier judgment by characterizing this suit as a declaratory judgment action. Should he obtain relief by declaratory judgment, the effect of that relief would be to undermine the earlier judgment. If plaintiff believes that Liberty Mutual's responses to discovery prevented him from prosecuting the earlier suit, his remedy was an appeal. If, as plaintiff now maintains, he was not aware of the "fraud" until later, then his remedy is to file a motion to reopen the judgment in that case.

Accordingly, upon *de novo* review as required by 28 U.S.C. § 636(b)(1)(B) the Court OVERRULES plaintiff Tolliver's objections to the November 22, 2006 Report and Recommendation. The Clerk of Court is DIRECTED to enter JUDGMENT dismissing the complaint because it is barred by *res judicata*.

      /S/ George C. Smith
      George C. Smith
      United States District Judge